## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KIMOTHY HILL,
    Appellant,

    v.

DEPARTMENT OF VETERANS
    AFFAIRS,
        Agency.

DOCKET NUMBER
CH-0752-15-0140-I-1

DATE: May 8, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Kimothy Hill, Calumet City, Illinois, pro se.

Janet M. Kyte, Esquire, Hines, Illinois, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal for lack of jurisdiction due to his waiver of Board appeal rights in a last chance agreement (LCA).  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of

---

[*]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      On November 21, 2013, the agency proposed to remove the appellant from his position as a Licensed Practical Nurse in the Nursing Service of the Jesse Brown VA Medical Center based on the following charges: conduct unbecoming a federal employee, violation of the agency's tobacco free facility policy, unexcused absences, failure to properly request leave, and inappropriate behavior. Initial Appeal File (IAF), Tab 8 at 52-57. On January 14, 2014, the deciding official upheld the charges in the proposal notice; however, he agreed to hold the appellant's removal in abeyance for a period of 24 months pursuant to an LCA. *Id.* at 49-50. The appellant signed the LCA on January 21, 2014, agreeing to "maintain satisfactory punctuality, attendance, and conduct" during the 24-month period and waiving his Board appeal rights. *Id.* at 45-47. Effective November 17, 2014, the agency removed the appellant for violating the LCA by engaging in disrespectful and inappropriate conduct on three separate occasions. *Id.* at 21-22.

¶3    The appellant filed an appeal of his removal with the Board on December 15, 2014, in which he alleged that he was "wrongfully terminated due to the fact that the issues that were brought up in the evidence folder were false." IAF, Tab 1 at 3. The administrative judge issued an order to show cause notifying the appellant that to establish the Board's jurisdiction he needed to make a nonfrivolous allegation that he did not knowingly and voluntarily enter into the LCA, he did not violate the LCA, the agency breached the LCA, including by failing to comply with it or acting in bad faith, or the LCA resulted from fraud or mutual mistake. IAF, Tab 9 at 2. After the appellant failed to respond to the order, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 10, Initial Decision (ID).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4    The Board lacks jurisdiction over an action taken pursuant to an LCA in which the appellant waives his Board appeal rights. *Smith v. Department of the Interior*, 113 M.S.P.R. 592, ¶ 6 (2010). However, as the administrative judge found, an appellant can establish that the waiver of appeal rights in an LCA is unenforceable by making nonfrivolous allegations that he complied with the LCA, the agency breached the LCA or acted in bad faith, he did not voluntarily enter into the LCA, or the LCA resulted from fraud or mutual mistake. *Willis v. Department of Defense*, 105 M.S.P.R. 466, ¶ 17 (2007). Despite being afforded the opportunity to do so, the appellant did not make such allegations, and the administrative judge properly dismissed the appeal for lack of jurisdiction. *See* ID at 4-6.

¶5    On review, the appellant asserts that he was terminated without any investigation and that he has new documents that will prove Board jurisdiction over his appeal. Petition for Review (PFR) File, Tab 1 at 3-4. The Board generally will not consider evidence submitted for the first time on review absent a showing that it was unavailable before the record was closed below despite the

party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). Although the appellant contends that these new documents were unavailable before the close of record below, he has not explained why they were unavailable or why he failed to respond to the administrative judge's order on jurisdiction. *See* PFR File, Tab 1 at 3-4. Absent any such explanation, we need not consider such evidence now. *See Vazquez v. U.S. Postal Service*, 114 M.S.P.R. 264, ¶ 8 (2010). In any event, we are unable to consider such evidence because the appellant has not submitted it with his petition.

¶6        To the extent that the appellant is asserting that he did not violate the LCA, he has not offered any new evidence or argument on review. *See* PFR File, Tab 1 at 4. Furthermore, there is no evidence, nor does the appellant allege, that the LCA was unlawful, involuntary, or the result of fraud or mutual mistake. Thus, we agree with the administrative judge that the appellant failed to raise nonfrivolous allegations that his waiver of his Board appeal rights is unenforceable. Accordingly, the administrative judge properly dismissed the appeal for lack of jurisdiction.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline

and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.